**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **E-Z Serve Convenience Stores, Inc.,** | ) | **Case No. 02-83138** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **Richard M Hutson, II, Chapter 11** | ) | |
| **Trustee for E-Z Serve Convenience** | ) | |
| **Stores, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | **Adv. Proc. No. 04-09172** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Greenwich Insurance Company and** | ) | |
| **Avalon Risk Associates, Inc.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER AND OPINION GRANTING TRUSTEE'S**
**MOTION TO AMEND COMPLAINT**

This matter came before the Court on November 3, 2005, after notice to all parties in interest, in Durham, North Carolina, upon the Motion by the Plaintiff to Amend Complaint. John A. Northen appeared on behalf of the Trustee. Julie B. Pape and Stuart J. Glick appeared on behalf of Greenwich Insurance Company and Avalon Risk Associates, Inc. Having considered the motion, as well as the memorandums of law and arguments of counsel, the court makes the following findings of fact and conclusions of law:

Background

On October 4, 2002 (the "Petition Date"), E-Z Serve Convenience Stores, Inc. ("E-Z Con"), E-Z Serve Corporation, SSCH Holding Corp., Swifty Serve Holding Corp. and Swifty

Serve, LLC (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code. At the time of the filing, the Debtors operated over 600 convenience stores through direct ownership, indirect ownership and leases. The Debtors' real property was valued at $74,273,007. The Debtors' personal property, including equipment, leasehold interests, perishable goods, gasoline and proceeds, was valued at $266,510,280. The Debtors listed secured claims in the amount of $199,402,634, priority claims in the amount of $6,870,921, and unsecured claims in the amount of $34,316,598. In the months preceding the bankruptcy, the Debtors had been losing money at an alarming rate. The Debtors filed voluntary petitions with the intent to liquidate their assets in as orderly a fashion as possible. At the time of the filing, the Debtors had insufficient funds to pay accrued payroll or withholding taxes, had gasoline on the premises, which constituted a potential environmental hazard, and had no ability to secure the stores from vandalism or theft.

On October 18, 2002, upon motion by the Debtors, Richard M. Hutson, II (the "Plaintiff") was appointed to serve as the Chapter 11 trustee for all of the Debtors. In view of the lack of operating funds, the Plaintiff negotiated a post-petition credit facility to provide funds sufficient to protect and preserve the estate properties during the liquidation process. The Plaintiff retained National Real Estate Clearinghouse, Inc. to coordinate and supervise a public sale of all fee properties and saleable leasehold interests. The cases were not substantially consolidated, and on November 9, 2004, all of the cases except E-Z Con, including E-Z Serve Corporation, SSCH Holding Corp., Swifty Serve Holding Corp. and Swifty Serve, LLC, were converted to Chapter 7. The administration of those cases was severed from E-Z Con, which continued under Chapter 11.

On October 4, 2004, the Plaintiff filed the complaint ("Original Complaint") initiating this adversary proceeding.  The Original Complaint sought to avoid and recover a payment of $950,000 made within ninety days prior to the Petition Date by E-Z Con to or for the benefit of Greenwich Insurance Company ("Greenwich") and Avalon Risk Associates, Inc. ("Avalon" and, collectively, the "Defendants") under a theory of preference liability pursuant to 11 U.S.C. § 547. On December 7, 2004, the Defendants timely filed their responsive pleadings and the parties are currently involved in discovery. As a result of information obtained in the discovery process, the Plaintiff now wishes to amend the Original  Complaint to include additional causes of action under 11 U.S.C. §§  548 and 542 (the "Amended Complaint"). The Plaintiff therefore filed the present Motion for Leave to Amend Complaint.

SUBSTANTIVE HISTORY

On December 18, 2000, Greenwich and Swifty Serve Corporation ("Swifty Serve") entered into a general indemnity agreement (the "GIA") under which Swifty Serve agreed to indemnify Greenwich for amounts claimed by third party obligees on bonds or other guaranties or obligations assumed by Greenwich on behalf of Swifty Serve. Greenwich served as a surety of the Debtors, including E-Z Con, under various bonds of state and county taxing authorities, utilities, and money order providers as obligees.  Avalon was and is the agent of Greenwich and primarily served to facilitate the parties' communications and business transactions.

On June 20, 2002, Greenwich asserted its right under the GIA to demand from Swifty Serve cash or a letter of credit in the amount of $1,750,000 as additional collateral based upon the change in Swifty Serve's risk profile (the "Demand Letter"). The Demand Letter was addressed to Swifty Serve but named both Swifty Serve and E-Z Con as principals in the subject

3

line of the letter. In the Demand Letter, the Defendants asserted that Swifty Serve and related parties agreed to provide collateral upon demand to the Defendants by the terms of the GIA.

After receiving the $1,750,000 demand, the Debtors reviewed the current bond obligations and determined that some of the bonds could be cancelled without substantial disruption to the Debtors' business activities. In July, the Debtors managed to negotiate with the Defendants for a lesser payment in the amount of $950,000. On July 30, 2002, E-Z Con provided a check to Greenwich in the amount of $950,000. That check cleared E-Z Con's operating account on August 2, 2002.

The Plaintiff and his counsel were unaware of the terms of the GIA until the document was produced through the process of discovery to the Plaintiff's counsel on June 24, 2005. Review of the GIA revealed that Swifty Serve Corporation was the sole entity named as the principal and the sole entity who executed the GIA. Because E-Z Con did not execute the GIA, the Plaintiff believes that E-Z Con was not liable for the obligations secured by the GIA and that he may have additional, alternative causes of action against the Defendants under 11 U.S.C. §§ 548 and 542. The Plaintiff now seeks leave of this Court under Federal Rule of Bankruptcy Procedure 7015 to amend the Original Complaint to include, after the expiration of the applicable statute of limitations, these additional, alternative causes of action.

DISCUSSION

Federal Rule of Civil Procedure 15 ("Rule 15"), made applicable herein by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides that leave to amend pleadings "shall be freely given when justice so requires." When applying Rule 15, courts have found that leave to amend should be granted unless the amendment would be prejudicial to the opposing party, there

4

has been bad faith on the part of the moving party, or the amendment would be futile. Nolte v. Capital One Financial Corp., 390 F.3d 311, 317 (4th Cir. 2004) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)).  Moreover, Rule 15(c) provides that a claim in an amended complaint relates back to the date of the original compliant when the claim asserted in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the original complaint.  Fed. R. Civ. P. 15(c)(2).  The Defendants contend that the additional claims asserted in the Amended Complaint do not relate back to the Original Complaint as required by Rule 15(c), and therefore, they are barred by the statute of limitations.  As such, the Defendants contend that allowing the amendment would be futile.

The Fourth Circuit has set forth a two-prong analysis to be followed by courts in determining whether an amendment relates back.  The court must consider (1) whether there is a factual nexus between the amendment and the original complaint; and (2) if there is some factual nexus, an amended claim is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment. Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983).   Thus, the court must determine whether, in this case, there is a factual nexus between the Original Complaint and the Amended Complaint and whether the Defendants had sufficient notice of the claim, such that the Amended Complaint relates back to the original date of filing.

In determining whether there is a factual nexus between the Amended Complaint and the Original Complaint, the court must compare the allegations contained within each to see whether the allegations in the amended complaint involve the same transaction, occurrence, or core of operative facts involved in the original complaint.  "The rationale of Rule 15(c) is that a party

who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 150 n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Furthermore, an amendment should not be disallowed merely because it asserts a new theory of recovery. Robinson v. GEO Licensing Co., L.L.C., 173 F.Supp.2d 419 (D. Md. 2001); Federal Leasing, Inc. v. Amperif Corp., 840 F. Supp. 1068, 1071-1072 (D. Md. 1993) (citing Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir.1987)).

An analysis of under Rule 15(c) is extremely fact sensitive; therefore, courts faced with motions to amend have reached varying conclusions depending upon the particular circumstances presented. The Defendants rely upon the case of In re Gantos, Inc., 283 B.R. 649 (Bankr. D. Ct. 2002) to support the position that the Amended Complaint cannot relate back to the Original Complaint. In Gantos, the trustee filed a complaint alleging that the defendant received a preferential transfer in the amount of $35,000. After the expiration of the statute of limitations, the trustee filed an amended complaint that the same transfer constituted a fraudulent transfer. The court found that the original complaint did not put the defendant on notice that the transfer was for "less than reasonable equivalent value," which is a fact that is essential to a fraudulent transfer claim. The court concluded that, therefore, the amended complaint did not relate back to the original complaint.

Other courts have been more willing to allow an amendment to relate back, particularly if the amendment asserts a new legal theory that stems from the same basic facts. In the case of In re Frank Santora Equipment Corp., 202 B.R. 543 (Bankr. E.D.N.Y. 1996), the Chapter 7 trustee filed a complaint to recover a preferential transfer under § 547. After conducting discovery, the

6

trustee learned of additional facts surrounding the transfer that could give rise to a fraudulent transfer and subsequently filed a motion to amend under Rule 7015.  Id. at 544.   The court first found that the trustee's delay in asserting the claim for the fraudulent transfer was not in bad faith, and that the amendment would not cause undue prejudice because the claim arose from the same transaction as the preference claim.  Id. at 545.  The court then found that, because the fraudulent conveyance claim stemmed from "the same basic facts" as alleged in the initial complaint, the defendant had been given sufficient notice to allow the amendment to relate back to the date of the initial complaint.  Id. at 546.

In the case of In re Molded Acoustical Products, Inc., 150 B.R. 608 (E.D. Pa. 1993), a debtor filed a complaint seeking to avoid various preferential transfers that had been made within 90 days of the petition date.  After the defendant raised the defense that one of the transfers was by virtue of a check that had not been honored by the bank until after the petition date, the plaintiff  moved to amend its complaint to allege that the transfer was postpetition and include a claim to recover that transfer under § 549.  Id. at 611. The district court, reviewing the decision of the bankruptcy court, found that it was not an abuse of discretion to allow the amendment because the check was factually related to the original complaint.  The court stated "Check 6497 has been at issue since the initiation of the adversary proceeding. Relation back under Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction has been given all the notice that the statutes of limitations are intended to afford." Id. at 613 (citations omitted).  Because the defendant had notice throughout the litigation that the plaintiff sought to recover the transfer made by that particular check, the amendment was allowed. Id.

Similarly, in In re Colonial Cheshire I Limited Partnership, 167 B.R. 748 (Bankr. D. Ct.

7

1994), the court allowed the plaintiff to file an amended complaint that included both a new claim and some new facts, but was based upon the same general transaction. The trustee had originally filed a complaint pursuant to § 542 seeking the turnover of funds in the amount of $93,917 that the debtor had transferred to the defendant for legal services. Id. at 750. After the final pretrial conference, the trustee filed a motion to amend the complaint to restate the amount transferred to $140,353 and to add a claim under § 548 for a fraudulent conveyance. Id. The court found that, while the new claim would require the defendant to investigate and defend against some additional details or circumstances, it did not rely on a new set of operative facts and would relate back to the original complaint. Id. at 752.

As these cases illustrate, generally an amended complaint will relate back to the original complaint if it asserts new legal theories of recovery based on the same transactions or occurrences and it clarifies or adds some factual details. See also In re Global Link Telecom Corp., 327 B.R. 711 (Bankr. D. De. 2005) (amended preference complaint that clarified certain additional transfers that may have been alluded to in the original complaint related back); In re Del-Met Corp., 322 B.R. 781 (Bankr. D. Tenn. 2005) (amended complaint which included supplemental facts and additional legal theories of recovery arose from conduct stated in original complaint and related back). Furthermore, amended claims based upon previously unidentified transactions may relate back if these transactions are part of a common scheme or pattern. In re Gerardo Leasing, Inc., 173 B.R. 379 (Bankr. N.D. Ill. 1994) (amended claims that concern the same transferee and transferor, involve a series of facially identical payments, and assert the same or similar legal theories of recovery claims relate back). Nevertheless, courts must not allow a plaintiff "to use the relation-back doctrine to bootstrap new transactions onto viable

actions ... even to maximize recovery to the estate." In re Slaughter Co. & Assoc., Inc., 242 B.R. 97, 102-03 (Bankr. N.D. Ga.1999) (disallowing amendment where the only relationship between the transaction added by the amendment and the transactions in the original complaint was that all occurred within one year of the petition).

Both the Defendants and the Plaintiff have presented compelling legal arguments; however, based upon a careful review of the facts and circumstances of this case, the court finds the present case to be one in which the amendments contained in the Amended Complaint relate back to the Original Complaint pursuant to Rule 15(c). The amendments arise out of the same, single transaction which forms the basis of the Original Complaint. The Original Complaint contains general allegations that the Plaintiff made a transfer to the Defendants in the amount of $950,000 by virtue of check number 113071, which was dated July 30, 2002 and honored by the bank August 2, 2002. The Original Complaint also includes a general demand that the Defendants return this transfer. These allegations were broad enough to put the Defendants on notice of other claims related to the transfer of $950,000 made by check number 113071, such as the claims alleged in the Amended Complaint. If an amendment is based upon the same core of operative facts, "the fact that the original complaint was deficient and did not adequately state the claim sought to be alleged does not prevent relation back when an amended complaint is filed in order to adequately plead the cause of action." In re Magna Corp., 2003 WL 23211571, *4 (Bankr. M.D.N.C. 2003) (citing McClellon v. Lone Star Gas Co., 66 F.3d 98, 102-03 (5th Cir.1985) and United States ex rel. Canion v. Randall & Blake, 817 F.2d 1188, 1191 (5th Cir.1987)). Thus, relation back is not precluded simply because the Amended Complaint corrects some deficiencies in the Original Complaint.

Finally, granting the Plaintiff's motion pursuant to Rule 15 will serve the interests of justice.  The Defendants will not be prejudiced by the amendments, inasmuch as the Original Complaint gave them notice of the transaction at issue, and they were in possession of the documents, including the GIA, related to that transaction.  Furthermore, there has been no bad faith on the part of the Plaintiff, who amended the Original Complaint shortly after receiving a copy of the GIA through discovery.   Because there is some factual nexus between the Amended Complaint and the Original Complaint, and the Defendants had notice of the claim and will not be prejudiced by the amendment, the Amended Complaint shall be liberally construed to relate back to the Original Complaint.

Based on the foregoing, the court finds that the Amended Complaint relates back to the date of the filing of the Original Complaint.  The claims alleged by the Plaintiff in the Amended Complaint are not barred by the statute of limitations, and therefore, the proposed amendments are not futile.  The Plaintiff's Motion for Leave to Amend the Complaint is GRANTED.

## **Parties to be Served**

Michael D. West
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402

Stuart Glick
John Carlson
Sills, Cummis, Epstein & Gross, PC
One Riverfront Plaza
Newark, NJ 07102

John A. Northen
Emily Weatherford
Northen Blue, LLP
P.O. Box 2208
Chapel Hill, NC 275 15-2208

William B. Sullivan
Julie B. Pape
Womble Carlyle Sandridge & Rice, PLLC
One West Fourth Street
Winston-Salem, NC 27101